# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 24-cv-23227-BLOOM

DANIEL MARKOVICH (BOP Registration
Number 10584509),

      Petitioner,

v.

UNITED STATES OF AMERICA,

      Respondent.

_____/

## ORDER DENYING 28 U.S.C. § 2241 PETITION WITHOUT PREJUDICE

**THIS CAUSE** is before the Court upon the Petitioner Daniel Markovich's *pro se* Petition for Writ of Habeas Corpus and Preliminary Injunctive Relief pursuant to 28 U.S.C. § 2241, (the "Petition"), ECF No. [1]. The Government filed a Response Opposing the Petition, ECF No. [7], to which Petitioner filed a Reply, ECF No. [11]. The Court has reviewed the Petition, the opposing and supporting submissions, the record in the case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Petition is denied without prejudice.

## I.      BACKGROUND

After a jury trial, Petitioner was found guilty on six counts: Conspiracy to Commit Health Care Fraud and Wire Fraud under 18 U.S.C. § 1349; two counts of Health Care Fraud under 18 U.S.C. § 1347; Conspiracy to Pay and Receive Kickbacks under 18 U.S.C. § 371; and two counts of Payment and Offer of Kickbacks in Exchange for Use of Services under 18 U.S.C. § 220(A)(2)(B). *United States v. Daniel Markovich*, Case No. 21-cr-60020-Dimitrouleas/Snow, ECF No. [617] (S. D. Fla. Mar. 18, 2022). Petitioner is presently serving a 97-month sentence imposed on March 18, 2022, in the Southern District of Florida. *Id.* at 3. He is currently incarcerated at the Federal Correctional Institution ("FCI") Miami in the satellite camp.

On August 23, 2024, Petitioner filed the instant Petition under 28 U.S.C. § 2241, arguing that the Bureau of Prisons failed to award him Earned Time Credits under the First Step Act ("FTCs") and seeking an immediate transfer to prerelease custody. ECF No. [1]. Petitioner claims that as of August 5, 2024, he has served 33 months of his 97-month sentence. He argues that with projected Good Conduct Time ("GTC"), he has received 14.325 (436 days) months off his sentence (15% of total sentence). Petitioner further asserts he has been eligible for FTCs since May 5, 2022 and has earned a sentence reduction of one year as the BOP has applied 365 days of FTCs toward his projected released date. Consequently, Petitioner's projected release date is now September 24, 2027. Petitioner argues that his projected FTCs equate to an additional 25 months being applied toward Residential Reentry Center ("RRC") and/or Home Confinement, establishing an eligibility date of August 23, 2025. ECF No. [1] at 2-3. Finally, under the Second Chances Act, Petitioner asserts he is entitled to up to twelve months toward pre-release custody to start on August 23, 2024. This means his referral to RRC and/or home confinement should be submitted by June 23, 2024. *Id.* at 4. Despite repeated requests, Petitioner states that the FCI Miami Unit Team has refused to apply the correct FTCs toward Petitioner's pre-release custody date, in violation of federal law and BOP Program Statement 5410.01.

## II.    LEGAL STANDARD

Section 2241 authorizes a district court to grant a writ of habeas corpus whenever a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  Under the saving clause of 28 U.S.C. § 2255(e), a federal prisoner may bring a habeas petition under section 2241 if "the remedy by [section 2255] motion is inadequate or ineffective to test the legality of his detention." § 2255(e).  Therefore, a petition under section 2241 is the appropriate vehicle for a federal prisoner "to challenge the execution of his sentence, such as the deprivation of good-time credits[.]" *McCarthan v. Dir. of Goodwill Indus. Suncoast, Inc.*, 851 F.3d 1076, 1092–93 (11th Cir. 2017) (en banc).  Further, "a § 2241 petition *is*… an appropriate vehicle to

challenge placement decisions by the BOP." *Jones v. Zenk*, 495 F. Supp. 2d 1289, 1296 (N.D. Ga. 2007) (emphasis in original). "It is the petitioner's burden to establish his right to habeas relief[,] and he must prove all facts necessary to show a constitutional violation." *Blankenship v. Hall,* 542 F.3d 1253, 1270 (11th Cir. 2008) (citation omitted).

Under the First Step Act of 2018 ("FSA"), 18 U.S.C. § 3632, federal prisoners are eligible to receive Earned Time Credits ("ETCs") for their participation in certain educational programs, known as Evidence Based Recidivism Reduction Programs ("EBRR" Programs), or in Productive Activities. *See* § 3632(d)(4); 28 CFR § 523.40–42. The FSA requires the Bureau of Prisons ("BOP") to subtract prisoners' FTCs from the length of their sentences to calculate their early release dates. *See* § 3624(g)(1)(A). Eligible prisoners "who successfully complete evidence-based recidivism reduction programming or productive activities shall earn time credits as follows: (i) A prisoner shall earn 10 days of time credits for every 30 days of successful participation. . . (ii) A prisoners determined by the Bureau of Prisons to be at a minimum or low risk for recidivating . . . shall earn an additional 5 days of time credits for every 30 days of successful participation..." 18 U.S.C. § 3632(d)(4)(A). If those credits reduce an inmate's prison term to the point where they qualify for pre-release custody or supervised release, the FSA directs the BOP to "transfer eligible prisoners … into pre-release custody or supervised release." *Id*. at § 3632(d)(4)(C).

## III. DISCUSSION

### A. Administrative Exhaustion

Petitioner concedes that he has not completed the BOP's standard four-step administrative remedy process, but notes that 28 U.S.C. § 2241 does not have a statutory exhaustion requirement. ECF No. [1] at 10-11. The Government responds that the Petition should be denied for failure to exhaust administrative remedies, which applies to the computation of sentence credit awards. ECF No. [7] at 1-2 (citing *United States v. Nyhuis*, 211 F.3d 1340, 1345 (11th Cir. 2000)). Petitioner replies

that courts have discretion to waive the exhaustion requirement, when exhausting would be futile, or when the process would be inadequate to prevent irreparable harm. ECF No. [11] at 3-4. Petitioner argues he would suffer irreparable harm from exhausting as it would add 180 days of unlawful custody. *Id.* at 4. Further, Petitioner argues that exhaustion would be futile as his release date to pre-release custody has passed and the BOP process is a dead-end. *Id.*

Federal prisoners must exhaust their administrative remedies before seeking habeas relief under section 2241. *See Santiago-Lugo v. Warden*, 785 F.3d 467, 474–75 (11th Cir. 2015). Although exhaustion is no longer a jurisdictional prerequisite to suit, it is still a requirement. *See Skinner v. Wiley*, 355 F.3d 1293, 1295 (11th Cir. 2004) (per curiam), *abrogated by Santiago-Lugo*, 785 F.3d at 471, 474–75, 474 n.5. Indeed, "the exhaustion requirement applies to the computation of sentence credit awards," such as at issue here. *Barron v. Adduci*, No. 15-cv-1258, 2016 WL 3958729 at *1 (N.D. Ala. June 14, 2016) (citing *United States v. Nyhuis*, 211 F.3d 1340, 1345 (11th Cir. 2000) ("A claim for credit for time served is brought under 28 U.S.C. § 2241 after the exhaustion of administrative remedies")); *see also United States v. Roberson*, 746 F. App'x 883, 885 (11th Cir. 2018) (quoting *United States v. Williams*, 425 F.3d 987, 990 (11th Cir. 2005)) ("Because the BOP has the responsibility for determining credit awards, 'a federal prisoner dissatisfied with computation of his sentence must pursue the administrative remedy available through the federal prison system before seeking judicial review of his sentence.'"). District courts within this circuit have routinely denied claims, like Petitioner's claim that seeks an award of FTCs, for failure to exhaust administrative remedies. *See*, *e.g.*, *Owens v. Joseph*, No. 20-cv-6008, 2021 WL 3476621 (N.D. Fla. Apr. 19, 2021) (recommending dismissal for lack of exhaustion of § 2241 petition seeking to compel BOP to award federal prisoner earned time credits under the FSA); *Viera v. Dunbar*, No. 21-cv-79, 2022 WL 2376618 (S.D. Ga. June 7, 2022) (same); *Caron v. Garrett*, No. 21-cv-385, 2021 WL 2672049 (N.D. Ala. June 4, 2021) (same).

District courts follow the two-step process set forth in *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008), to determine whether a petitioner has exhausted his administrative remedies. *See Blevins v. FCI Hazelton Warden*, 819 F. App'x 853, 854, 856 (11th Cir. 2020).  First, the court looks at the petitioner's and the respondent's factual allegations and, if they conflict, the court accepts as true the petitioner's version of the facts.  *Id*.  If the petitioner's allegations establish his failure to exhaust administrative remedies, the court must deny the petition at *Turner's* first step.  *Id*.  Where the petitioner's factual allegations do not support dismissal at the first step, the court proceeds to the second step.  *Id*.  At *Turner's* second step, the court must "make specific findings in order to resolve the disputed factual issues related to exhaustion."  *Id*.  The respondent bears the burden of establishing that the petitioner failed to exhaust his administrative remedies.  *Id*.

Here, Petitioner concedes that he has not completed the BOP's standard four-step administrative remedy process, so he has not administratively exhausted his claims. ECF No. [1] at 10-11. The court must deny the Petition at *Turner's* first step. To exhaust his administrative remedies in this case, Petitioner was required to comply with the BOP's "Administrative Remedy Program," which allows an inmate "to seek formal review of an issue relating to any aspect of his/her own confinement."  28 C.F.R. § 542.10(a); *see also Blevins*, 819 F. App'x at 857 ("Because Blevins is a federal prisoner, the BOP's Administrative Remedy Program procedural rules apply to her."). Petitioner has not done so.

In his Reply, Petitioner contends that the Court should waive the exhaustion requirement. Petitioner argues that exhaustion would be futile because the administrative procedure is a dead-end as the BOP is unable to provide relief. ECF No. [11] at ¶ 6. Further, prisoners are being thwarted through the grievance process by instructions to BOP staff not to make the calculations required under the FSA. *Id.* Petitioner's arguments and the documents attached to his Petition do not support Petitioner's claim that administrative remedies were "unavailable" to him. Petitioner points to an

email he sent to his case manager on August 9, 2024, requesting the submission of his paperwork for immediate release to an RRC or home confinement. ECF Nos. [1-3], [1] at ¶ 10. Petitioner does not attach his case manager's response to the email, if any, nor does he indicate that his case manager failed to answer. The email does not evidence that pre-release custody based on FTCs was unavailable to Petitioner. Further, Petitioner points to testimony in Congress by BOP Director Colette Peters on July 23, 2024. There, Director Peters acknowledged that BOP "do not have the resources, RRCs are at capacity, we are underfunded and do not have enough staff to implement the federal programs." ECF No. [1] at ¶ 21 n. 5. Though that testimony supports the contention that the BOP has failed to transfer inmates into prelease custody based on their FTCs in some instances, it does not evidence that Petitioner's request for FTCs would be denied such that administrative remedies are unavailable to him.

Further, Petitioner argues that prisoners are being thwarted through the grievance process by instructions to BOP staff not to make the calculations required under the FSA. ECF No. [11] at ¶ 6. To evidence this, Petitioner cites to his Petition, ECF No. [1] at ¶ 22 n. 6, where he references a BOP Memorandum for Residential Reentry Managers ("RRMs") and Correctional Programs Regional Administrators sent on December 7, 2023. ECF No. [1-7].  That Memorandum states that these BOP staffers "pending the deployment of the Conditional Maximum FTC Calculator, … should delay submission of the referral [to pre-release placement] so that gap between submission and requested placement is no more than 90 days." ECF No. [1-7]. The Memorandum is dated December 7, 2023. Petitioner states that this instruction makes administrative relief unavailable, satisfying an exception to the exhaustion requirement under *Ross v. Blake*, 578 U.S. 632, 648 (2016) (holding that a prisoner need not exhaust administrative remedies that are "unavailable"). ECF No. [11] at ¶ 6. However, the BOP Memorandum also states that this strategy "will allow time for credits to accumulate while still allowing the RRMs the necessary time to place the individual." ECF No. [1-7] at 2. Further, it explains

that BOP's "goal is to prioritize those cases in which individuals have a placement date after their conditional release date." *Id.* It does not demonstrate that BOP staff is not releasing inmates into prerelease custody based on their FTCs, but instead that BOP in December 2023 was prioritizing some inmates' release over others. Those documents do not demonstrate that the administrative process is a dead-end as to Petitioner.

Further, based on Defendant's Chart of Eligibility to Release to an RRC or Home Confinement, August 23, 2024 is the "earliest possible transfer" date to an RRC or home confinement. ECF No. [1-6]. It does not follow that any period of custody following August 23, 2024 is unlawful. On this record, the Court is not able to find that administrative exhaustion would be futile because Defendant would be unlawfully incarcerated during the time it takes him to exhaust his administrative remedies.

Accordingly, the Petition is denied without prejudice for failure to administratively exhaust. This Court need not issue a certificate of appealability ("COA") because "a federal prisoner who proceeds under § 2241 does not need a COA to [appeal]." *Sawyer v. Holder*, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003).

**IV.   CONCLUSION**

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, **ECF No. [1]**, is **DENIED WITHOUT PREJUDICE**.

2. The Clerk of Court is directed to **CLOSE** this case.

3. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

Case No. 24-cv-23227-BLOOM

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 16, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record